## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-CR-0141-CVE** |
| | ) | |
| **DUSTIN LEE DENNIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court are defendant's Motion for a Bill of Particulars (Dkt. # 20) and Motion to Dismiss (Dkt. # 25). Defendant argues that the Oklahoma child neglect statute is unconstitutionally vague, and that the charges against him should be dismissed. Dkt. # 20. He also asks the Court to order plaintiff to file a bill of particulars identifying which of two theories of the case proposed by defense counsel plaintiff will seek to prove at trial. Dkt. # 25. Plaintiff responds that defendant is improperly making a facial vagueness challenge to the child neglect statute, and the statute is plainly constitutional when considered in light of the facts of this case. Dkt. # 30. Plaintiff states that defendant has been provided extensive pretrial discovery, and defendant has sufficient notice of the factual basis for the charges against him in order to prepare a defense. Dkt. # 26.

On August 7, 2020, a grand jury returned an indictment (Dkt. # 14) charging defendant with two charges of child neglect in violation of 18 U.S.C. §§ 13, 1151, 1152, and OKLA. STAT. tit. 21, § 843.5(C). Count one of the indictment charges that "[f]rom on or about June 12, 2020, to on or about June 13, 2020, within Indian Country in the Northern District of Oklahoma, the defendant . . ., a non-Indian male responsible for the health, safety, and welfare of T.D., an Indian child under

the age of eighteen, did willfully and maliciously fail and omit to provide adequate nurturance, shelter, supervision, and appropriate caretakers."  Dkt. # 14, at 1.  The second count of the indictment is identical except that the minor child is identified as "R.D."  Id. at 2.

Before the indictment was returned, a magistrate judge signed a complaint charging defendant with child neglect, and the affidavit in support of the complaint states that T.D. and R.D., both members of the Cherokee tribe, died after they locked themselves inside defendant's truck. Dkt. # 1, at 2. The relevant portions of the affidavit state as follows:

> 6.  That on June 13th, 2020 officers responded to the address after being notified by the defendant that the children had died.  That the defendant was interviewed and stated that he had fallen asleep for several hours and when he awoke, he discovered both R.D. and T.D. deceased in the backseat of his pickup truck.  That the truck was parked at the residence.

> 7.  That during an interview with Dennis, he stated that he got home around ten the night before.  He awoke around noon and took R.D. and T.D. to QuikTrip and returned home shortly.  He then went inside and while the kids were playing, he fell asleep.  He woke up around five in the afternoon and began looking for the children and discovered them deceased in his pickup truck.

> 8.  That on June 13th, detectives were able to make contact with the neighbor next door who had a surveillance system.  That a review of the surveillance system showed that Dennis returned home at 0055 hours on June 13th.  That the next time Dennis leaves his residence was 1201 hours.  That he did not have the children when he left his residence to go to QuikTrip.  That he returned from QuikTrip at 1212 hours.

> 9.  That the neighbor's surveillance video showed R.D. and T.D. exit the residence at 1322 hours and set the alarm off in the truck trying to get in the vehicle.  That R.D. and T.D. quickly run back inside the residence.  That at 1329 hours, R.D. and T.D. again attempt to get back in the truck and, in fact, successfully do so.  That the next images caught on the surveillance video was [sic] the defendant exiting his residence over four hours later, at 1732 hours, looking for the children.  That at 1736 hours, he discovers the children deceased in the backseat of his pickup truck.

10.   That Dennis was re-interviewed on June 15th.  That during this interview, he admitted to lying about taking his children to QuikTrip.  That he stated that he left the children home alone during the trip to QuikTrip.

Id. at 2-3.

The crime occurred in Indian Country in the state of Oklahoma, and Oklahoma law provides the statutory basis for the criminal charges against defendant.  Section 843.5(C) provides that "[a]ny parent or other person who shall willfully or maliciously engage in child neglect shall, upon conviction, be punished" by up to life imprisonment.  The statute incorporates the definition of "child neglect" from OKLA. STAT. tit. 10A, § 1-1-105, which defines "neglect" as the failure or omission to provide "(1) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education, (2) medical, dental, or behavioral health care, (3) supervision or appropriate caretakers, or (4) special care made necessary by the physical or mental condition of the child . . . ."

**Motion for Bill of Particulars (Dkt. # 20)**

Defendant asks the Court to order plaintiff to file a bill of particulars, because defense counsel can "envision" two different theories upon which the jury could convict defendant and one theory would result in a significantly lower sentence for defendant.  Dkt. # 20, at 1.  Defendant argues that he could be convicted under a scenario in which no harm resulted to the minor children and under another scenario that resulted in their death, and there would be a substantial difference in defendant's sentence depending on which theory the jury relied upon to convict defendant.  Id. Plaintiff responds that the indictment gives defendant adequate notice of the charges against him in order to prepare for trial, and the extensive discovery materials provided by plaintiff have given him additional notice of the factual basis for the charges against him.  Dkt. # 26.

3

Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  If a defendant seeks more definite information about the charges against him, his remedy is to file a motion for a bill of particulars.  United States v. Doe, 572 F.3d 1162, 1176 (10th Cir. 2009).  "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."  United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996).  A bill of particulars may be required when the indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial.  United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992).  "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial, a bill of particulars is not necessary."  Doe, 572 F.3d at 1176.

Defendant argues that a jury could find that he committed child neglect by leaving the children alone for a short period of time while he went to QuikTrip, but not as to allowing the children to lock themselves in his truck, and this would result in a substantially reduced sentence under the United States Sentencing Guidelines.  The Court does not find that defendant's proposed "scenarios" show that the indictment is deficient or fails to give him adequate notice of the charges against him, because plaintiff is not bound to adopt either of the theories of the case proposed by defense counsel.  The facts stated in the affidavit supporting the complaint describe a continuous sequence of events and, although there could be separate acts of child neglect, plaintiff's response to defendant's motion shows that plaintiff is proceeding under a theory that defendant's "continued lack of supervision eventually led to the children's death."  Dkt. # 26, at 5.  In any event, it is

apparent that defendant understands the factual basis for the charges against him, and he has not shown that a bill of particulars is necessary to provide him sufficient notice of the charges against him or plaintiff's theory of the case.

Defendant argues that "based on the unique facts of this case, the [i]ndictment could be considered duplicitous." Dkt. # 20, at 4.  A charge is duplicitous if it joins two or more offenses in the same count. United States v. Trammell, 133 F.3d 1343, 1354 (10th Cir. 1998).  There are three dangers that could result from a duplicitous indictment: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." Id. (quoting United States v. Wiles, 102 F.3d 1043, 1061 (10th Cir. 1996)).  The Court does not find anything particularly unique about facts of this case and the indictment has not joined multiple offenses in a single charge.  Instead, the charges are based on a series of events leading to the death of T.D. and R.D., and it will be necessary for plaintiff to tell a complete story when it presents its case to the jury.  It is possible that certain acts would independently constitute evidence of child neglect, but that does not mean that plaintiff is charging more than one offense in each count of the indictment.  Both parties note that the Court can give a unanimity instruction to avoid jury confusion, and this will be sufficient to ensure that the jury understands that it must unanimously agree on the factual basis for the offense.  The Court finds that defendant has not shown a bill of particulars is necessary to give him adequate notice of plaintiff's theory of the case or to cure a duplicitous charge, and his motion (Dkt. # 20) is denied.

**Defendant's Motion to Dismiss (Dkt. # 25)**

Defendant argues that the charges in the indictment should be dismissed, because the Oklahoma criminal statutes on which the charges are based, § 843.5(C) and § 1-1-105, are unconstitutionally vague. Dkt. # 25. Plaintiff responds that defendant improperly attempts to assert that the statutes are facially invalid, and plaintiff cannot show that statutes are unconstitutionally vague as applied to the facts of this case. Dkt. # 30.

A basic principle of due process is that a law is void for vagueness "if it does not clearly define its prohibitions." Doctor John's Inc. v. City of Roy, 465 F.3d 1150 (2006). A statute can be unconstitutionally vague on its face or as applied to the facts of a particular case, but "a court will consider a law's facial vagueness only if it threatens First Amendment interests or if the challenge is made before enforcement." United States v. Rodebaugh, 798 F.3d 1281, 1294 (10th Cir. 2015). The challenged Oklahoma statutes do not implicate defendant's First Amendment rights and he did not raise a pre-enforcement challenge, and the Court will consider defendant's vagueness claim in light of the facts of this case. United States v. Bennett, 329 F.3d 769, 777 (10th Cir. 2003).

When considering an as-applied challenge to a criminal statute, there are two independent reasons why a statute could be found unconstitutionally vague. First, a statute is impermissibly vague "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." Rodebaugh, 798 F.3d at 1295. Second, a statute can be unconstitutionally vague "if it authorizes or even discourages arbitrary and discriminatory enforcement." Id. A person whose conduct clearly falls within the scope of the challenged statute or who knows of the illegality of his activities may not contest the constitutionality of a statute on the ground of vagueness. Id. A statute is not unconstitutional merely because it uses language

invoking a qualitative standard as applied to specific conduct, such as "substantial" or "unreasonable," because the "law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree." Johnson v. United States, 576 U.S. 591, 604 (2015).

Defendant's motion to dismiss provides a list of cases in which the Supreme Court has found statutes void for vagueness, and he raises a series of hypothetical scenarios in which § 843.5(C) could be enforced in an arguably subjective and arbitrary manner. Dkt. # 25, at 5-10. However, defendant is not permitted to bring a facial challenge to Oklahoma's child neglect statute and the Court must evaluate defendant's vagueness argument in light of the charged conduct. Under this standard, the Court has no difficulty finding that a person of ordinary intelligence would have understood that his conduct was prohibited. Oklahoma law defines "neglect" as the failure or omission to provide "supervision or appropriate caretakers" for the protection of minor children. OKLA. STAT. tit. 10A, § 1-1-105(49). The affidavit attached to the complaint states that defendant admitted that he left two minor children alone while he went to a convenience store, and he fell asleep for several hours after he returned home. Dkt. # 1, at 2-3. The minor children were allegedly in defendant's care at the time, and he fell asleep for approximately four hours without providing other supervision for the children. Id. at 2. Surveillance footage shows that the children set off the alarm on defendant's truck when they initially attempted to enter it at 1:22 p.m., and they successfully entered the truck about seven minutes later. Id. Defendant did not check his truck until approximately 5:30 p.m., and he discovered that R.D. and T.D. were deceased in the backseat of the truck. Id. This conduct clearly falls within the definition of neglect under § 1-1-105, and a reasonable person would have understood that the charged conduct was prohibited by the statute. Defendant also argues that the statute encourages arbitrary enforcement, because the statute is so

vague that it provides no guidance to prosecutors or juries as to what conduct constitutes neglect. Dkt. # 25, at 9.  This argument is based solely on speculation as to how the statute might be applied in hypothetical cases, and defendant is not permitted to make this type of facial challenge to statute at issue in this case.

Defendant's motion to dismiss includes a list of decisions by the Supreme Court in which statutes were struck down as unconstitutionally vague, but the Court does not find that these cases have any bearing on an as-applied challenge to Oklahoma's child neglect statute.  Defendant relies on Johnson, in which the Supreme Court found that the residual clause of 18 U.S.C. § 924(e) was unconstitutionally vague, and defendant also cites subsequent cases applying the same reasoning to other federal criminal statutes.  Dkt. # 25, at 2-5.  These cases are distinguishable.  The Supreme Court explained that its prior cases showed a persistent failure to adequately craft a standard that could be applied in a broad range of cases, and lower court decisions showed that judges were guessing on a case-by-case basis as to the meaning of the residual clause.  Johnson, 576 U.S. at 601-02.  Defendant has cited no authority suggesting that Oklahoma courts have struggled with interpreting the definition of child neglect.  Defendant claims that the "most apt" case cited in his brief is City of Chicago v. Morales, 527 U.S. 41 (1999).  However, the Supreme Court permitted a facial challenge to a loitering ordinance enacted by the city of Chicago, because the ordinance had no mens rea requirement and the ordinance covered a broad range of innocent or non-threatening conduct.  Section 843.5 punishes only conduct that is willful or malicious, and the statute is not subject to a facial challenge on the ground that it fails to include a mens rea element.  Defendant has failed to show how the other Supreme Court decisions cited in his motion bear any similarity the facts of this case.

8

The Court finds that the charges in the indictment should not be dismissed on the ground of vagueness, because a person of ordinary intelligence would have understood that the charged conduct was prohibited by § 843.5 and § 1-1-105.  Defendant's motion to dismiss raises a facial vagueness challenge to the Oklahoma child neglect statute, but the Court must consider defendant's vagueness challenge in light of the facts on which the criminal charges are based.  Defendant was clearly on notice that his alleged conduct was prohibited and that he could be subject to prosecution for child neglect for failing to supervise minor children in his care, and his motion to dismiss (Dkt. # 25) is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion for a Bill of Particulars (Dkt. # 20) and Motion to Dismiss (Dkt. # 25) are **denied**.

**DATED** this14th day of December, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE